Filed 4/23/25  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083195 |
| v. | (Super.Ct.No. SWF006315) |
| THOMAS DEWAYNE JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Thomas DeWayne Johnson appeals from the trial court's order denying his postconviction petition for resentencing.  In a new argument raised for

1

the first time on appeal, defendant contends the court did not understand it had jurisdiction to address a resentencing claim presented in an obscure, jumbled fashion in his petition. As we explain *post*, defendant merely—and incorrectly—assumes error without establishing it, contrary to his burden on appeal. We therefore affirm the trial court's order.

## BACKGROUND

A jury convicted defendant of forcible rape (Pen. Code,[1] § 261, subd. (a)(2)), kidnapping to commit rape or oral copulation (§ 209, subd. (b)(1)), and forcible oral copulation (former § 288a, now renumbered § 287, subd. (c)(2)). (See *People v. Johnson* (July 20, 2007, E040044) [nonpub. opn.].) The jury found true the sentencing allegation that the kidnapping substantially increased the victim's risk of harm. (§ 667.61, subd. (d)(2).) Defendant admitted two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§ 667, subds. (b)-(i)). (*Johnson*, *supra*, E040044.)

On remand from defendant's direct appeal, the trial court sentenced defendant to 110 years to life in state prison. The sentence included two consecutive five-year "nickel prior" terms for defendant's prior serious felony convictions. (§ 667, subd. (a).)

In December 2023 defendant in propria persona sent ex parte correspondence to the trial court, which he captioned, "Petition for Resentencing Pursuant to All Applicable Sections of Penal Code[] §§[]1170, 1171, and 1172." (All caps omitted.) In January

---

[1] All further undesignated statutory references are to the Penal Code.

2024, the trial court denied defendant's petition in a minute order and by a written order the same day, addressing the merits of some of defendant's contentions.

In particular, the court's written order denied defendant's requests for resentencing relief under section 1172.75 and under a provision (§ 745) of the Racial Justice Act (RJA or Act) (Stats. 2020, ch. 317, § 1). The court explained as to the former that " ' "[s]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." ' " Instead, as explained in the cited authority, it must be initiated by the Department of Corrections and Rehabilitation (CDCR). "Accordingly," the trial court explained, "this court has no jurisdiction to entertain the [§ 1172.75] claim defendant wishes to raise." The court added further that, "[e]ven if defendant could invoke the court's jurisdiction," he was not entitled to relief because the statute "invalidates only one-year priors that were imposed pursuant to subdivision (b) of section 667.5. (§ 1172.75, subd. (a)." The court observed in denying relief: "Here, however, no such priors were imposed."

As to defendant's RJA claim, the court found defendant failed to make the requisite prima facie showing to proceed under the Act.

Neither the trial court's written order nor its minute order expressly addressed any other aspects of defendant's resentencing petition. The court's written order concluded with the words: "the petition is denied in its entirety."

## DISCUSSION

Defendant grounds his appeal in an excerpt from his resentencing petition that the trial court did not expressly address in denying him relief. The fact that the court did not expressly address the issue in denying defendant's petition does not establish error.

In his petition, defendant mentioned that his sentence included "two (2) 5-year enhancements," referring to the nickel prior penalty enhancement terms imposed under section 667, subdivision (a). In a passage of his petition, defendant invoked several pieces of recent legislation without indicating their relation to potential resentencing relief for nickel priors. Although his petition remains unclear even upon our reading of it on appeal, it appears defendant relied on those provisions as a basis for his understanding that potential resentencing relief under the new legislation could "includ[e] striking a 5-year prison prior."

Specifically, defendant stated in a disjointed passage of his petition: "Senate Bill 483 (2021) amended section 1171.1 of the penal code and renumbered to 1172.75—removed various sentencing enhancements, including striking a 5-year prison prior (in accordance with S.B. 1393 (2017)), making the enhancement legally invalid."

Defendant on appeal turns to other legislation altogether to argue that the trial court did not understand its jurisdiction. In particular, defendant assumes on appeal that the trial court did not grant him resentencing relief on his nickel priors because the court did not understand that, "[i]n fact, Assembly Bill [No.] 600 [(2023-2024 Reg. Sess.)], which became effective just a few weeks earlier [i.e., before the trial court's late January 2024 ruling], amended section 1172.1 to give the court jurisdiction to recall a

4

sentence at any time on its own motion." (See § 1172.71, subd. (a)(1) [omitting limitation under prior law in former § 1170, subd. (d)(1), that restricted trial court's recall and resentencing authority to within 120 days of original commitment].) Defendant argues that had the court properly understood its authority under newly amended section 1172.1 to recall a sentence on its own motion beyond the 120-day limitation, "The court could have recalled [his] sentence to decide whether the two 5-year enhancements pursuant to section 667, subdivision (a) should be stricken, which would include consideration of whether '[a]pplication of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745,' along with other relevant factors. (§ 1385, subd. (c)(2)(A).)"

Defendant's circuitous premise that the court did not grasp its sua sponte recall authority under then-new section 1172.1 is based on one line in the court's written order denying defendant's resentencing petition. Specifically, the court explained that resentencing relief for enhanced terms *for prison priors (§ 667.5, subd. (b)), not nickel priors (§ 667, subd. (a))*, is triggered **under section 1172.75** by CDCR review, not a defendant's petition, and therefore: "this court has no jurisdiction to entertain the claim defendant wishes to raise." As our italics and bolding illustrate, however, the court's ruling had nothing to do with whether it might consider or actually considered, under then newly enacted section 1172.1, its authority on its own motion to recall defendant's sentence. (See § 1172.1, subd. (a)(1).) Rather, the court solely addressed section 1172.75, which pertains to prison priors.

5

The People, for their part, argue we should dismiss the appeal. The People rely on the fact that section 1172.1 provides by its terms that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) The People argue that because a defendant has no statutory right to request recall under section 1172.1 to address his nickel priors—or any other sentencing matter—the trial court in fact lacked jurisdiction to treat defendant's petition as a vehicle for recall and resentencing—at least under section 1172.1 as now proposed by defendant on appeal. The People conclude: "And because the trial court had no jurisdiction to rule on the petition, its denial cannot affect his 'substantial rights,' " requiring dismissal of the appeal. (Citing generally, e.g., *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.) Defendant counters by citing commentary that, despite section 1172.1, subdivision (c)'s bar against sentence recall petitions, " '[t]he defendant, however, may be able to "invite" the court's [own] consideration of the recall.' (J. Couzens, Recall of Sentence, Penal Code, § 1172.1 (Dec. 2023), at pp. 5-6."

We conclude defendant's premise that the court misunderstood its recall and resentencing authority under section 1172.1 is unwarranted. "[R]emand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) "The general rule is that a trial court is presumed to have been aware of and followed the applicable law" (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496) and the "presumption of regularity of

judicial exercises of discretion appl[ies] to sentencing issues." (*Ibid*.) "Error may not be presumed from a silent record." (*Brown*, at p. 1229.)

The court's reference to its lack of "jurisdiction" in its written order does not aid defendant because, as discussed *supra*, that was solely in relation to the absence of CDCR action triggering resentencing under section 1172.75 concerning prison priors. It manifestly had nothing to do with section 1172.1 or resentencing defendant on his nickel priors. Defendant's attempt to shoehorn in a claim of error on grounds that the trial court misunderstood or was not aware of its sua sponte recall authority under section 1172.1 rests, at bottom, on the fact that the court did not expressly address the new statute. This, however, "does not establish on [the] face [of the record] that the trial court misunderstood the scope of [statutory] discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) To the contrary: " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

" 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) It was thus incumbent on defendant to press for a specific ruling regarding resentencing on his nickel priors, if he desired one. (See generally *People v. Ramirez* (2006) 39 Cal.4th 398, 450 [defendant must "request . . . a hearing or otherwise press for a ruling"]; see, e.g., *People v. Vargas* (2022) 84 Cal.App.5th 943, 949, fn. 5 [although section 1172.6 petition included a

request that the court strike a firearm enhancement, petitioner abandoned claim on appeal because petitioner did not ensure superior court ruled on the request].)

Defendant was self-represented below, but this does not exempt him from compliance with the general rules set forth above. We must treat a party who acts as his own attorney like any other party and hold him to the rules of procedure applicable to all litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Accordingly, defendant has forfeited his appellate claim of error.

## DISPOSITION

The trial court's ruling denying defendant's resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____
P. J.

McKINSTER _____
J.

8